**In re Richard Leo DOW, Junior,** SS# 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, **Debtor.**

**The BANK OF ALBUQUERQUE, Plaintiff,**

v.

**Richard Leo DOW, Junior, Defendant.**

**Bankruptcy No. 7-83-00962 MA. Adv. No. 83-0644 M.**

United States Bankruptcy Court, D. New Mexico.

April 12, 1984.

J. Kerwin Hollowwa, Albuquerque, N.M., for plaintiff.

S. Scott Davis, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon the complaint of the Bank of Albuquerque (the Bank) to determine dischargeability of debt. At the trial on the merits the evidence showed that the debtor, Richard Leo Dow, Jr. (Dow) obtained a loan of $3,500 to do repairs to a residence which Dow then stated, by means of a financial statement dated January 31, 1983, that he owned. In fact, Dow planned to buy the residence from his mother, but circumstances later prevented that purchase. The evidence also showed that Dow over-stated his income and failed to list a $330.00 per month child support obligation on the financial statement. When the loan, granted February 2, 1983, became due and Dow could not meet the obligation, he went to the Bank asking that the loan be extended and that additional sums be loaned to him. At that time, late July 1983, the Bank, through its loan officer, learned that Dow did not own the real estate listed on the January 31, 1983, financial statement, but did not learn that the income listed on the financial statement was wrong and did not learn of Dow's child support obligation. The Bank's loan officer testified that had she known of these further inaccuracies she would not have renewed the note for an additional six month, but would rather have required payment or taken legal action. At trial, the Bank contended that the transaction of July 29, 1983, was merely an extension of the original note. Dow claimed it was a new loan which paid off the first.

As support Dow pointed out that the terms of the notes were different, the first bearing interest at 16.75% per annum, the second at 18.25% per annum.

At the end of the trial on the merits the Court found that if the July 29, 1983, note was a new transaction, there was no reasonable reliance by the Bank on what remained of the financial statement. The Court found that the disclosure that Dow did not own the real estate listed put the Bank on notice of enough irregularity that it should have questioned the other information on the financial statement and should have required Dow to complete a new financial form. The only issue taken under advisement was whether the law would allow a looking back to the time of the original transaction for the point of reliance by the Bank, or whether the July 29, 1983, transaction was a new note and obligation, made with knowledge and without reasonable reliance on the January financial statement. The Court found at trial that even if the law allowed a relating back to the time of the first transaction, the bank would only be allowed its principal balance, interest due, and reasonable attorney fees as a non-dischargeable debt and that no punitive damages would not be awarded.

The Bank correctly cites the rule which binds this Court, stated by the Tenth Circuit Court of Appeals in *First National Bank of Lea County v. Niccum, et al., (In re Permian Anchor Services, Inc.)* 649 F.2d 763 (10th Cir.1981). That case states that the rule in New Mexico is that an extension note does not constitute a novation unless contrary evidence is shown. That case found that where four notes, each of which contained provisions for attorney fees, were renewed by one fifth note which did not address the attorney fees question, the fifth note continued in effect the attorney fee provisions of the original four notes. Plaintiff also cites the New Mexico case, *First National Bank in Albuquerque v. Abraham*, 97 N.M. 288, 639 P.2d 575 (1982) which holds that a renewal which extends only the time period

for repayment does not extinguish the original debt. Plaintiff fails to note, however, that *Abraham* goes on to say that a change in the interest rate is a material alteration which changes the legal effect of a note and results in a new indebtedness. Accordingly, since the interest rate on the second note from the Bank to Dow was increased, it resulted in new indebtedness. Since at the time of that note, the Bank knew of misstatements in Dow's financial statements, it cannot claim reasonable reliance in extending further credit.

This Court concludes that the Bank cannot assert that it reasonably relied on the false financial statements of Dow in executing the July note and based thereon further concludes that the debt owed by Dow to the Bank is dischargeable.

This memorandum constitutes findings of fact and conclusions of laws. Bankruptcy Rule 7052.

An appropriate order shall enter.